IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,
a Pennsylvania corporation,

    Plaintiff,                                         No. _____

v.

CENTERLINE HOMES, INC., a Florida
corporation, CENTERLINE HOMES
CONSTRUCTION, INC., a Florida
corporation, COMPLETED COMMUNITIES
II, LLC, a Florida limited liability company, and
CENTERLINE HOMES AT
GEORGETOWN, LLC, a Florida
limited liability company,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

The Insurance Company of the State of Pennsylvania (ISOP), by counsel, sues Centerline Homes, Inc. (Centerline Homes), Centerline Homes Construction, Inc. (Centerline Construction), Completed Communities II, LLC (Completed Communities) and Centerline Homes at Georgetown, LLC (Georgetown) (collectively, Centerline) and alleges as follows:

### INTRODUCTION

1. ISOP seeks a declaration that it owes no duty to defend or indemnify Centerline under two commercial umbrella liability insurance policies ISOP issued with respect to claims and lawsuits related to allegedly defective drywall installed in homes Centerline built in Florida.

2. There is an actual, present and bona fide controversy between the parties concerning the ISOP's alleged obligations under the insurance policies at issue to

Centerline with respect to the claims and lawsuits involving the allegedly defective drywall.

## PARTIES

3.  ISOP is a Pennsylvania corporation with its principal place of business in New York, New York.

4.  Centerline Homes is a Florida corporation with its principal place of business in Coral Springs, Florida.

5.  Centerline Construction is a Florida corporation with its principal place of business in Coral Springs, Florida.

6.  Completed Communities is a Florida limited liability company with its principal place of business in Coral Springs, Florida.

7.  Georgetown is a Florida limited liability company with its principal place of business in Coral Springs, Florida.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction in this action under 28 U.S.C. §§ 2201 and 1332, as amended. This matter involves a dispute between citizens of different states and the value in controversy exceeds $75,000, exclusive of interest and costs.

9.  Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c) because one or more of the defendants resides and conducts business in this district and a substantial part of the events giving rise to this claim occurred in this district.

10. ISOP is entitled to declaratory relief under 28 U.S.C. §§ 2201-2202 in accordance with Florida law.

## GENERAL ALLEGATIONS

### The Underlying Lawsuits

11. Individuals with homes located in Palm Beach County and St. Lucie County, Florida, have filed at least twenty-eight complaints against Centerline Homes and others in state and federal court.

12. The claimants allege that the drywall installed in their homes is inherently defective because it emits chemicals and sulfide gases, including hydrogen sulfide, carbon disulfide, carbonyl sulfide and demethyl sulfide.

13. The claimants further assert that the chemicals and sulfide gases allegedly emitted by the drywall corrode metal in appliances, personal property and the electrical and mechanical systems in the home.

14. Due to the alleged damage to property caused by the defective drywall, the claimants seek to recover from Centerline the costs to remove the drywall and repair and replace any damaged property, including consequential and incidental damages. They also seek to recover for the alleged diminished value of their homes due to the presence of defective drywall.

15. The claimants further assert that they have suffered and will continue to suffer ill health effects due to the sulfide gases and other chemicals allegedly emitted from the defective drywall. They seek to recover both economic and non-economic damages arising from the allegedly adverse health effects of the defective drywall.

16. Some claimants claim that prolonged exposure to the hydrogen sulfide and other gases and chemicals allegedly emitted by the defective drywall has increased their risk of contracting latent disease. For that reason, they seek an injunction requiring Centerline to initiate and pay for a medical monitoring program.

### Other Drywall Claims

17. Upon information and belief, other individuals have made claims against one or more of the defendants in this action alleging damages due to sulfide gases and other chemical being emitted from drywall installed in homes located in Florida that one or more defendants developed, constructed or sold to the claimants.

18. Upon information and belief, all of the damages that these individuals allege arise from the sulfide gases or other chemicals allegedly emitted from the drywall installed in their residences.

### Studies Regarding Defective Drywall

19. Beginning in or about 2009, various Federal and State governmental agencies, as well as private testing firms, analyzed drywall and reported that certain drywall, including drywall manufactured in China, contains and emits sulfur-related chemical compounds that are associated with corrosion of metal, damage to other property and complaints of odors and adverse health effects.

20. In October 2009, the United States Consumer Product Safety Commission (CPSC) released several reports concerning testing upon Chinese and domestically-produced drywall. These reports conclude that the Chinese drywall contained higher concentrations of elemental sulfur compared to the domestic drywall. Further, the reports note that the Chinese drywall emitted higher levels of total volatile sulfur compounds than did the domestic drywall.

21. On or about November 23, 2009, the CPSC released reports regarding additional drywall testing. The CPSC reported that in a fifty-one home study, hydrogen sulfide gas was detected in homes with defective drywall in concentrations that were

### The ISOP Policies

22. ISOP issued to Centerline Homes Commercial Umbrella policy nos. 7275474, effective September 8, 2007, to September 8, 2008 (the 2007 policy) and 7275536, effective September 8, 2008, to September 8, 2009 (2008 policy). A copy of the 2007 policy is attached as Exhibit A, and a copy of the 2008 policy is attached as Exhibit B.

23. Coverage is barred under the 2007 and 2008 policies as provided in the Total Pollution Exclusion Endorsement for bodily injury and property damage, if any, associated with defective drywall, arising from the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants," as that term is defined in each such policy.

24. Coverage may be available under each ISOP policy only to the extent that the entity seeking coverage is an insured under the policy.

25. Coverage may be available under each ISOP policy only to the extent that the underlying coverage or each applicable self-insured retention is properly exhausted.

26. ISOP has no duty to defend under the 2007 and 2008 policies but it has the right to participate in the defense of any "claims" or "suits," as those terms are defined in the policies, at its own expense.

27. Coverage may be available under each ISOP policy to the extent that a claimant seeks relief from an insured that does not constitute "damages" as that term is used in each policy. Equitable relief involving medical monitoring or economic losses

28. Coverage is barred to the extent that an insured has not suffered damages because of "bodily injury" or "property damage," as those terms are used or defined in each ISOP policy. The mere presence of defective drywall is not property damage and there is no coverage under the ISOP policies for any costs arising out of the process of repairing or replacing the drywall.

29. Coverage is barred to the extent that any bodily injury or property damage associated with defective drywall is not the result of an "occurrence," as that term is used or defined in each policy.

30. Coverage is limited under each ISOP policy to the extent that any bodily injury or property damage constitutes a single occurrence. Under the 2007 and 2008 policies, bodily injury or property damage, if any, associated with defective drywall, that is continuing or progressive over any length of time is one occurrence that occurs only when the bodily injury, property damage or both first commenced.

31. Coverage may be available under each ISOP policy only for damages because of bodily injury or property damage, if any, that occurs during the policy period and is associated with defective drywall.

32. Coverage is barred under each ISOP policy for bodily injury or property damage, if any, associated with defective drywall for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, except as provided in each policy.

33. Coverage is barred under each ISOP policy for property damage to property, if any, associated with defective drywall, that an insured owns, rents or occupies.

### ISOP Communication with Defendants

34. Centerline has demanded that ISOP defend and indemnify it under the 2007 and 2008 policies for claims or damages arising from allegedly defective drywall installed in homes located in Florida.

35. ISOP issued reservation of rights letters to the defendants advising that ISOP was reserving its rights to decline coverage. Each letter refers to the policy terms on which ISOP may rely to decline coverage, including the terms noted above.

### COUNT I
### DECLARATORY RELIEF

36. ISOP incorporates the allegations set forth in paragraphs 1-35.

37. A controversy exists between ISOP and the defendants regarding ISOP's obligations under the 2007 and 2008 policies with respect to claims arising from allegedly defective drywall installed in residential construction located in the State of Florida.

38. The interpretation of the applicable terms of each ISOP policy at issue is governed by Florida law.

39. Coverage is limited or eliminated by terms of each ISOP policy, for the alleged damages for which the defendants have or will seek coverage under each policy.

**WHEREFORE**, ISOP requests the following declaratory relief:

1. A judgment in favor of ISOP declaring that it has no duty under the 2007 and 2008 policies to defend or indemnify Centerline Homes, Centerline Construction,

Completed Communities and Georgetown with respect to any claims or damages arising from allegedly defective drywall installed in homes located in Florida; and

2. Such other relief as the Court may deem just and proper.

        Respectfully submitted,

        /s/ Cindy L. Ebenfeld
        Cindy L. Ebenfeld, Esq.
        Ellen Novoseletsky, Esq.
        Hicks, Porter, Ebenfeld & Stein, P.A.
        11011 Sheridan Street, Suite 104
        Cooper City, FL  33026
        Tel:  (954) 624-8700
        Fax: (954) 624-8064

        *Co-Counsel*

        Warren Lutz, Esq.
        Paul D. Smolinsky, Esq.
        Jackson & Campbell, P.C.
        1120 Twentieth Street, N.W.
        Suite 300
        Washington, DC 20036
        Tel:     (202) 457-1600
        Fax:    (202) 457-1678

        Counsel for The Insurance Company of the State of Pennsylvania

1261635v.3