UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61707-Civ-COOKE/BANDSTRA

THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

    Plaintiff
vs.

CENTERLINE HOMES, INC. *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

THIS CASE is before me on Defendants' Motion to Dismiss or, in the Alternative, to Stay or Transfer this Action to the United States District Court for the Eastern District of Louisiana. (ECF No. 15). I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained below, Defendants' Motion to Dismiss is granted.

### BACKGROUND

On January 26, 2010, Defendant Centerline Homes Construction, Inc. filed a lawsuit against Plaintiff, the Insurance Company of The State of Pennsylvania ("ISOP") and three other insurance companies, in the Eastern District of Louisiana (the "Louisiana Action").[1] The Louisiana Action seeks declaratory relief concerning ISOP's obligations under an insurance policy issued to Centerline Homes Construction, Inc. for claims arising from defective Chinese manufactured drywall. On September 15, 2010, ISOP filed this action against Defendants, in the United States District Court for the Southern District of Florida (the "Florida Action"). (ECF No. 1). The Florida Action also requests declaratory relief concerning ISOP's obligations under

---

[1] The claims pending against ISOP in the Louisiana Action have been consolidated in MDL No. 2047 for pretrial proceedings.

insurance policies issued to Centerline Homes Construction, Inc. arising from defective Chinese manufactured drywall. Thus, there are now two suits pending involving these parties and seeking the same clarification of ISOP's insurance coverage obligations. As a result, Defendants seek transfer of this case to the Eastern District of Louisiana.

## DISCUSSION

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption" that all claims should be heard in the forum of the first-filed suit. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The first-filed rule is premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings. *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988); *Allstate Ins. Co. v. Clohessy*, 9 F. Supp. 2d 1314, 1316 (M.D. Fla. 1998). Once the moving party establishes that the issues and parties are "overlapping," any "party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.

It is undisputed that the Louisiana Action was filed first. Although ISOP acknowledges the potential application of the first-filed rule, it argues that the differing years of the insurance policies at issue precludes transfer to the Eastern District of Louisiana. I disagree. The overlap between this case and the Louisiana Action is evident. Both actions involve the same parties and seek the same clarification of ISOP's insurance coverage obligations for injuries sustained related to defective Chinese drywall. The actions are indeed related and ISOP has failed to establish compelling circumstances to warrant an exception to the first-filed rule. ISOP's declaratory action was not filed "in apparent anticipation of another pending proceeding." *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). Rather, this action was filed in spite of the Louisiana Action.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988)  In accordance with the foregoing, it is **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss or, in the Alternative, to Stay or Transfer this Action to the United States District Court for the Eastern District of Louisiana (ECF No. 15) is **GRANTED** to the extent it seeks transfer and **DENIED** *as moot* in all other respects.  The Clerked is directed to **TRANSFER** this case to the United States District Court, Eastern District of Louisiana, for consideration with the Louisiana Action, MDL No. 2047 (*In re: Chinese-Manufactured Drywall Products Liability Litigation*), currently pending before the Honorable Judge Eldon E. Fallon. Thereafter, the Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 27th day of April 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*